UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BOYCE BLANCHARD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:10CV1548 RWS |
| CITY OF ST. LOUIS, et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Boyce Blanchard was an employee of a department of the City of St. Louis. He was arrested after a traffic stop and charged with possession of a controlled substance. After his arrest he was terminated from his job allegedly based on his arrest. In his complaint Blanchard asserts two independant causes of action. He asserts claims against the police officers for an alleged violation his rights by subjecting his vehicle to an unlawful search during the traffic stop. He asserts unrelated claims that his termination violates federal law. He also asserts state law claims for slander.

Several defendants have moved to dismiss the claims against them. In addition, I have conducted a frivolity review of the complaint. I find that Blanchard's termination claims are premature and should be dismissed. The only claims that will remain in this Court are Blanchard's illegal search claims which will be stayed as discussed below.

*Background*

Blanchard, as can be discerned by his complaint, was employed by the refuse department

of the City of St. Louis at the time of the incidents that gave rise to his complaint.[1] Blanchard alleges in his complaint that he was pulled over on some unspecified date by St. Louis police officers Steven Schwerb and Jason Chambers for a traffic violation. The officers asked Blanchard if he would consent to a search of his vehicle. Blanchard refused. The officers then had Blanchard sign an unidentified document and subsequently searched his vehicle. Blanchard alleges that the officers illegally searched his car without an independent legal basis to search and without Blanchard's "knowing, willing, and voluntary consent." The officers found a controlled substance on the floor of the passenger side of the vehicle.

On March 10, 2009, Blanchard was charged in an indictment with two counts of felony possession of a controlled substance. According to the complaint the charges are still pending prosecution.

On April 13, 2009, Defendant Nick Young, Blanchard's supervisor, told Blanchard not to return to work. Blanchard asserts that he was not given a reason for his termination. He asserts that he is a civil service employee who is entitled to due process , through the Civil Service Rule, prior to any adverse employment action. Blanchard claims that Defendants City of St. Louis, Young and Charles Bobinette violated his due process rights by failing to provide him with a hearing prior to his termination. He also asserts that these Defendants violated his equal protection rights and his right to contract under 42 U.S.C. 1981. In addition, Blanchard claims

---

[1] Plaintiff never identifies his job title or the department in which he worked in his complaint or in the subsequent papers he has filed with the Court. However, he alleges in the complaint that Defendant Nick Young was his foremen and immediate supervisor. In his response to Young's motion to dismiss, Blanchard states that Young was, during the relevant time, the Refuse Commissioner for the City of St. Louis. From this I glean that Blanchard was an employee of the refuse department.

that the City of St. Louis and Young committed slander because Young allegedly told other city employees that Blanchard sold drugs on city property.

Defendants City of St. Louis and Young filed a motion to dismiss any claims based on Blanchard's arrest because they had no involvement in the arrest and the City of St. Louis does not control the St. Louis Metropolitan Police Department. As to the remaining claims against these Defendants, the City of St. Louis asserts that the claims against it should be dismissed because the claims are based on *respondeat superior* and Blanchard has failed to allege any policy, custom, or practice of the City which was the cause of any alleged constitutional violation. Young also seeks dismissal on various grounds. Defendant Bobinette, Blanchard's former counsel has also filed a motion to dismiss which Blanchard does not oppose.

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiffs. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations ommitted). To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

*Discussion*

As an initial matter I note that Blanchard has improperly joined claims in this matter

which arise from two distinct occurrences. Blanchard's claims against the two St. Louis police officer Defendants for an illegal search are separate and distinct from his claims against his former employer for wrongful termination. The result of my rulings in this order is the dismissal of all the claims against the City of St. Louis and Young. If Blanchard seeks to reassert these claims he must file them in a separate lawsuit.

*Claims against Defendants City of St. Louis and Nick Young*

*Count I - 42 U.S.C. § 1983*

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury." Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Id.

Blanchard does not assert any basis or facts in his complaint that Defendant City of St. Louis directly acted, or acted through a custom or policy to deprive him of his constitutional rights. Instead, Blanchard's claims are based on his allegations that the individual defendants were employees of the City and that the City should be vicariously liable for their actions. Such a claim of *respondeat superior* liability does not state a claim of action against a municipality under § 1983. See Id. (local governments are responsible for their own illegal acts and are not vicariously liable for their employees' actions).

As a result, all of Blanchard's claims against Defendant City of St. Louis under § 1983 fail to state a claim and will be dismissed.

Moreover, Blanchard's claims against the City based on the actions of Defendant police

officers Chambers and Schwerb is without any basis.  The City of St. Louis does not operate or control the St. Louis Metropolitan Police Department.  See Smith v. State, 152 S.W.3d 275, 278 (Mo. 2005) ("the general assembly has expressly prohibited the City of St. Louis and its officials from presuming to exercise authority or control over the Board or the Police Department.").  Therefore, the actions of the police officers cannot be attributed to the City of St. Louis.

To the extent that Blanchard's § 1983 cliam asserts that he had a constitutionally protected right to a hearing prior to his termination of employment with the City of St. Louis, this claim is not ripe.  Blanchard must first exhaust his administrative remedies regarding his due process claim before he can seek relief in court.  Wax 'n Works v. City of St. Paul, 213 F.3d 1016, 1020 (8th Cir. 2000)("Exhaustion of state remedies is necessary before any federal procedural due process allegations state a claim under § 1983.").  It is undisputed that an appeal is pending before the St. Louis Civil Service Commission which concerns Blanchard's termination for employment with the City of St. Louis.  Until Blanchard has exhausted all of his state remedies he cannot seek relief under §1983 in this Court.

*Count III - Equal Protection Violation*

Blanchard asserts that Defendant City of St. Louis violated his equal protection rights.  Blanchard is an African American.  He alleges that he was terminated based on allegations of his involvement with suspected criminal activity.  He alleges, on information and belief, that other city employees who are not in a protected class, were not terminated despite allegations of suspected criminal activity.

Blanchard does not assert or point to any policy, custom or practice which is the cause of a constitutional violation which led to Blanchard's termination.  His equal protection claim is not

based on any facts but is merely "labels and conclusions, and a formalistic recitation of elements of a cause of action" that does not support a claim under Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Blanchard fails to state any factual allegations are "enough to raise a right to relief above the speculative level." Id. at 555. As a result this claim will be dismissed.

*Count IV and V - 42 U.S.C. § 1981*

Title 42 U.S.C. § 1981 provides in pertinent part:

All persons . . . shall have the same right . . . to make contracts, to sue, be parties, give evidence, and to full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To establish a claim under § 1981, a plaintiff must demonstrate that the defendants purposefully and intentionally discriminated against him on the basis of race. See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982); Edwards v. Jewish Hosp., 855 F.2d 1345, 1351 (8th Cir. 1988).

As a result, plaintiff's § 1981 claim is legally frivolous. Blanchard asserts that Defendants City of St. Louis and Young violated his right to contract for employment. He asserts that he was terminated without due process. A § 1981 claim against a governmental entity must be brought under 42 U.S.C. § 1983. Jett v. Dallas Independent School Dist., 491 U.S. 701, 702 (1989). Moreover, a municipality cannot be held liable for its employees' violations of § 1981 under a theory of *respondeat superior*. Id.

Blanchard does not assert or point to any policy, custom or practice which supports a § 1981 claim through § 1983 which led to Blanchard's termination.

He also asserts a § 1981 claim against Defendant Young. His § 1981 claim is not based

-6-

on any facts indicating that any actions taken by Young were motivated by purposeful race discrimination against Blanchard. Like his equal protection claim, Blanchard's § 1981claim is merely labels and conclusions, and a formalistic recitation of elements of a cause of action that does not support a claim under Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Blanchard fails to state any factual allegations are enough to raise a right to relief above the speculative level. As a result these claims will be dismissed.

*Counts II and VI - Slander*

Blanchard alleges that Defendant Young told other employees of the City of St. Louis that Blanchard "sold drugs on defendant City of St. Louis' parking lot." Based on this allegation, Blanchard has filed a slander claim against Young and the City of St. Louis. Slander is a state law cause of action. Because I am dismissing all other claims against these two Defendants and because this claim has been improperly joined with Blanchard's separate claims against the police officer defendants, I sever this claim from the case and decline to exercise supplemental jurisdiction over this claim. See 28 U.S.C. § 1367 (c). As a result, the claims will be dismissed without prejudice.

*Claims against Defendant Charles Bobinette*

Charles Bobinette was Blanchard's previous counsel. In his complaint Blanchard asserts that Bobinette, while acting in the scope of his employment with the City of St. Louis, violated Blanchard's rights guaranteed by the 42 U.S.C. § 1981 by terminating Blanchard without proper process. Blanchard also asserted a slander claim but does not allege what the false and defamatory statements allegedly made by Bobinette and to whom they were made.

Bobinette moved to dismiss the § 1981 claims on the grounds that it is undisputed he was

not an employee of the City and that Blanchard failed to allege facts as to how Bobinette was personally involved in the decision to terminate Blanchard's employment. Bobinette seeks dismissal of the slander claim for failing to provide the facts of what statement was alllegedly slanderous and to whom it was made.

I find that these two claims lack sufficient facts which would support a cause of action against Bobinette.

Blanchard does not oppose Bobinette's motion to dismiss. In response to Bobinette's motion, Blanchard filed a motion to substitute a person named Randy Brightenfeld for Bobinette. Blanchard does not identify who Brightenfeld is or how he plays a part of this litigation. Nor are the shortcomings in his claims against Bobinette resolved by simply substituting Brightenfeld in his place. As a result, Bobinette's motion to dismiss will be granted and Blanchard's motion to amend his pleading to substitute Brightenfeld for Bobinette will be denied.

*Blanchard's motion to amend his complaint*

In the same pleading seeking to substitute Brightenfeld for Bobinette, Blanchard attached a first amended complaint. This document, is not an amended complaint. It is a motion for a this Court to stop the City of St. Louis from moving forward in a Civil Service administrative proceeding to terminate Blanchard's employment. Blanchard seeks an order from this Court that prevents his termination until after his felony drug offense criminal case has been adjudicated.

However, Blanchard has already sought such relief in Circuit Court for the City of St. Louis, Missouri, in the case of Blanchard v. Civil Service Commission, Cause No. 1022-CC602. The state court denied Blanchard's request to stay the Civil Service's administrative proceedings until Blanchard's criminal case is resolved. Based on the state court's ruling, Blanchard's

request in his "amended complaint" is barred by the doctrines of collateral estoppel and *res judicata*. See Banks v. International Union Electronic, Elec., Technical, Salaried and Machine Workers, 390 F.3d 1049, 1052 (8th Cir. 2004)("The preclusion principle of res judicata prevents the relitigation of a claim on grounds that were raised or could have been raised in the prior suit.").

*Claims against the police officer Defendants to be stayed*

Blanchard asserts § 1983 and § 1981 claims against St. Louis police officers Jason Chambers and Steven Schwerb based on their alleged unlawful search of his vehicle. Blanchard has filed these claims has while the underlying criminal case against him stemming from the arrest is still pending in state court.

In Wallace v. Kato, 549 U.S. 384 (2007), the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." Id. at 397. The Court also instructed that where, as here, "a plaintiff files a [fourth amendment] claim before he has been convicted . . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 394. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict . . . . - all this at a time when it can hardly be known what evidence the prosecution has in its possession." Id. (internal citation omitted).

I find that the principles established in Wallace dictate that further consideration of

Blanchard's claims against the police officer Defendants should be stayed until the underlying criminal charges pending against Blanchard are resolved.

*Conclusion*

This matter contains unrelated claims against unrelated defendants which should not have been joined in one case. Plaintiff asserts claims against two police officers for an illegal search of his vehicle. He asserts completely independent claims against the remaining Defendants concerning the termination of his employment. As a result I am severing these two groups of claims in this matter. A new case need not be opened however, because I am dismissing all of the claims that are not directed at the police officer Defendants. Any future filing in this matter should only relate to the claims against the police officer Defendants.

Accordingly,

**IT IS HEREBY ORDERED that** the claims against Defendants Jason Chambers and Steven Schwerb are severed from the claims of the other Defendants as improperly joined in one case.

**IT IS FURTHER ORDERED that** Defendant Charles Bobinette's motion to dismiss Counts VII and VIII [#15] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendants City of St. Louis and Nick Young's motion to dismiss [#19] is **GRANTED** as to Counts I, III, IV, and V. The motion is **DENIED** as to Counts II and VI based on slander. However, I decline to exercise supplemental jurisdiction over Counts II and VI and they are hereby **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED that** Plaintiff's motion to substitute a party and to file an "amended complaint" [#26] are **DENIED**.

**IT IS FURTHER ORDERED that** Plaintiff's motion in opposition to Defendants' motion [#27] is **DENIED**.

**IT IS FURTHER ORDERED that** all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against Plaintiff in state court. Plaintiff shall notify this Court in writing concerning the final disposition of the criminal charges pending against him within thirty (30) days after final disposition of the charges is made.

**IT IS FURTHER ORDERED that** this case is administratively closed pending final disposition of the criminal charges against Plaintiff, and may be reopened by Plaintiff's filing of a motion to reopen the case after such final disposition.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2011.